BENJAMIN WAGNER CSBN 163581
United States Attorney
DONNA L. CALVERT SBN IL 619786
Acting Regional Chief Counsel, Region IX
Social Security Administration
ELIZABETH BARRY CSBN 203314
Special Assistant United States Attorney

   160 Spear Street, Suite 800
   San Francisco, California 94105
   Telephone: (415) 977-8972
   Facsimile: (415) 744-0134
   Email: Elizabeth.Barry@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
**SACRAMENTO DIVISION**

| | |
|---|---|
| CHERRHONDA LEE ANN CLARK,<br>    Plaintiff,<br>  v.<br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>Michael Astrue<br>    Defendant. | Case No. CIV-2:12-cv-00479-CMK<br><br>STIPULATION AND ORDER<br>FOR REMAND PURSUANT TO SENTENCE<br>FOUR OF 42 U.S.C. § 405(g) |

  IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel of record, that this action be remanded to the Commissioner of Social Security for further administrative action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), sentence four.

  On remand, the administrative law judge (ALJ) is directed to: (1) update the treatment evidence on the claimant's medical condition; (2) develop the record by forwarding the claimant's school records to Dr. Wakefield for consideration, or, alternatively, obtain a new psychological consultative examination; (3) if warranted, obtain evidence from a medical expert to clarify the nature and severity of the claimant's mental impairment and whether she meets or equals Listing 12.05C; (4) articulate how the severity of all medically determinable mental impairments was evaluated under the special technique; (5) explain how the credibility of the claimant's subjective complaints was evaluated in light of the

comments above; (6) expressly evaluate the treating, examining, and non-examining medical source opinions in addition to the non-medical opinions cited above and explain the reasons for the weight he gives to this opinion evidence; (7) further consider the claimant's residual functional capacity on the updated record, citing specific evidence in support of the assessed limitations; (8) further consider whether the claimant has past relevant work she could perform with the limitations established by the evidence; (9) as appropriate, secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base; and (10) consolidate and consider together the claimant's subsequent application for concurrent benefits filed on June 20, 2011, denied at the initial level.

Respectfully submitted,

Dated: December 26, 2012      */s/ Ann M. Cerney*
                              (as authorized via telephone)
                              ANN M. CERNEY
                              Attorney for Plaintiff

                              BENJAMIN WAGNER
                              United States Attorney

Dated: December 26, 2012      By */s/ Elizabeth Barry*
                              ELIZABETH BARRY
                              Special Assistant U.S. Attorney
                              Attorneys for Defendant


ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: January 7, 2013

                                        CRAIG M. KELLISON
                                        UNITED STATES MAGISTRATE JUDGE